that sum, the waiver of the "felony charge" by the People, a plea of "not guilty of obtaining money by false pretenses," a waiver of jury trial by plaintiff in error, and an order adjudging the defendant guilty of obtaining money by false pretenses upon the indictment in the cause and a plea of guilty, and sentencing him to the House of Correction for one year.

EDWARD H. WRIGHT, for plaintiff in error; GEORGE W. BLACKWELL, of counsel.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

CRIMINAL LAW, § 371*—*when conviction on waiver of felony improper.* Where, in an indictment charging the defendant with obtaining thirty dollars by means and use of a confidence game and with larceny of that sum, the "felony charge" is waived by the People, no conviction can be had for obtaining money by false pretenses inasmuch as the waiver eliminated both charges, no conviction being valid on any charge not set forth in an indictment even though entered on a plea of guilty.

Charles B. Stafford et al., trading as Sabath, Levinson & Stafford, Appellants, v. Barbara Vacek et al., Appellees.

Gen. No. 20,876. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Suit dismissed and stricken from docket. Opinion filed April 13, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

The plaintiffs, Charles B. Stafford, Adolph J. Sabath, Harry C. Levinson and Albert Sabath, trading as Sabath, Levinson & Stafford, having had, in an action against Barbara Vacek, Anna Vacek and Hattie Vacek, a judgment rendered against them in the Municipal Court, filed in the Appellate Court a transcript of the proceedings had, which was defective in that it did not show that an appeal had been taken. After a motion made by the defendants for dismissal, the plaintiffs were granted leave to and did file an additional transcript which, however, failed to show any order, allowing an appeal, made prior to the granting by the Appellate Court of leave to file the additional transcript. It showed, however, a provision for filing a bond and a bill of exceptions and contained an order entered *nunc pro tunc* allowing an appeal more than one year after entry of judgment.

SABATH, STAFFORD & SABATH, for appellants.

Q. J. CHOTT and ANTON ZEMAN, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 633*—*when court without power to allow appeal nunc pro tunc.* The Municipal Court of Chicago is without jurisdiction to order the entering of an order *nunc pro tunc* allowing an appeal from a judgment rendered more than a year prior to such order, no such order having in fact been made within the statutory period.

2. MOTIONS, § 12*—*what is function of nunc pro tunc order.* The office of an order *nunc pro tunc* is simply to validate an actual proceeding already taken and not to cure a defect caused by failure to take such proceeding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.